U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 28 2017

CLERK, U.S. DISTRICT COURT
By_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHIN KIM, §
 §
            Plaintiff, §
 §
VS. § NO. 4:17-CV-144-A
 §
CTX MORTGAGE COMPANY, LLC, §
ET AL., §
 §
            Defendants. §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendants Buckley Madole, P.C. ("Buckley Madole"), Craig Muirhead, as substitute trustee ("Muirhead"), and Roger Eldard, as agent of Buckley Madole ("Eldard"), to dismiss for failure to state a claim upon which relief can be granted. Plaintiff, Chin Kim, has responded and the above-referenced defendants have filed a reply. Having reviewed the motion, the response, the reply, plaintiff's amended complaint, and applicable legal authorities, the court concludes that the motion should be granted.

I.

Plaintiff's Claims Against Defendants

Plaintiff's amended complaint asserts the following claims against Buckley Madole: (1) violation of the Federal Fair Housing Act; (2) violation of the Fourteenth Amendment; (3) violation of the Civil Rights Act of 1866; (4) fraud/negligent

misrepresentation; (5) conversion; and (6) violation of the Fair Debt Collection Practices Act ("FDCPA").

Plaintiff's amended complaint asserts the following claims against Muirhead: (1) wrongful foreclosure; and (2) conversion.

In addition to damages, plaintiff seeks declaratory relief, requesting the court to "declare that [plaintiff's] rights pursuant to the deed of trust, as well as federal and state law, have been violated by defendants . . . ." Doc.[1] 8 at ¶ 208.

II.

Grounds of the Motion to Dismiss

Buckley Madole, Muirhead, and Eldard contend that plaintiff's amended complaint fails to state a claim upon which relief can be granted because (1) plaintiff's allegations are incomplete, conclusory, and lack sufficient factual underpinnings; and (2) certain of plaintiff's claims are barred by limitations.

III.

Applicable Pleading Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

---

[1] The "Doc. _" references are to the number of the item on the docket in this action.

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim upon which relief can be granted, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is

3

entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Further, when a successful affirmative defense such as limitations is apparent on the face of the pleadings, dismissal is appropriate on that ground. Kansa Reinsurance Co. v. Cong. Mortg. Corp. Of Texas, 20 F.3d 1362, 1366 (5th Cir. 1994).

IV.

Analysis

A. The Claims Against Buckley Madole

1. Federal Fair Housing Act Claim

Plaintiff alleges that he was discriminated against based on his race as an Asian American. He claims that, as a member of a protected class under the Fair Housing Act, the "conduct" of Buckley Madole "threatened and interfered with [plaintiff] living in or attempting to live in a neighborhood of his choice" and "depriv[ed] plaintiff of a right to housing." Doc. 8 at ¶ 131-32. Plaintiff alleges that such conduct was "either intentional or had a discriminatory effect." Id. at ¶ 130.

Plaintiff wholly fails to state a claim under the Fair Housing Act. The allegations in plaintiff's amended complaint are nothing more than conclusory assertions; the amended complaint

4

contains no factual allegations to support the alleged discrimination and is therefore insufficient to give Buckley Madole notice of plaintiff's claim against it.

In any event, plaintiff's claim is barred by limitations. The Fair Housing Act provides for a two-year limitations period, which accrues after the occurrence or the termination of an alleged discriminatory housing practice. 42 U.S.C. § 3613(a)(1)(A). Here, the foreclosure occurred on April 1, 2014 — more than two years before plaintiff initiated this action. Accordingly, plaintiff's Fair Housing Act claim is barred by limitations.

2. Fourteenth Amendment Claim

Plaintiff asserts that Buckley Madole violated the Fourteenth Amendment when it allegedly discriminated against plaintiff. Claims under the Fourteenth Amendment require state action. See Shelley v. Kraemer, 334 U.S. 1, 13 (1948). Plaintiff has not identified any state action applicable to his Fourteenth Amendment claim. Such claim must be dismissed.

3. Civil Rights Act of 1866 Claim

Plaintiff invokes 42 U.S.C. §§ 1981 & 1982 to allege that Buckley Madole discriminated against plaintiff based on his race as an Asian American. Plaintiff merely states that certain defendants racially discriminated against him and deprived

5

plaintiff of his right to homestead by foreclosing on his property. Similar to his Fair Housing Act claim, plaintiff's claim fails because it recites bare legal conclusions that are unsupported by any factual underpinnings. Accordingly, plaintiff's claim should be dismissed for failure to state a claim upon which relief can be granted.

### 4. Fraud/Negligent Misrepresentation

Plaintiff's fraud claim is governed by the pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure. See Lone Star Fund V (U.S.), LP v. Barclays Bank PLC, 594 F.3d 383, 387 n.3 (5th Cir. 2010). Rule 9(b) of the Federal Rules of Civil Procedure requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Herrmann Holdings Ltd. v. Lucent Techs. Inc., 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks and citations omitted). To satisfy this requirement, plaintiffs must allege "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." Tuchman v. DCS Commc'ns Corp., 14 F.3d 1061, 1068 (5th Cir. 1994) (internal quotation marks omitted).

In Texas, negligent misrepresentation requires that

>    (1) the representation is made by a defendant in the
>    course of his business, or in a transaction in which he
>    has a pecuniary interest; (2) the defendant supplies
>    "false information" for the guidance of others in their
>    business; (3) the defendant did not exercise reasonable
>    care or competence in obtaining or communicating the
>    information; and (4) the plaintiff suffers pecuniary
>    loss by justifiably relying on the representation.

Federal Land Bank Ass'n of Tyler v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991).

Here, plaintiff has failed to state a claim for fraud or negligent misrepresentation. Plaintiff alleges that Buckley Madole "took shortcuts by having so-called robo-signers complete affidavits and other essential foreclosure documents — such as assignments of mortgages — without personal knowledge of the documents' veracity and without verifying their contents." Doc. 8 at ¶ 155. Plaintiff fails, however, to identify any fraudulent statement or false information upon which plaintiff relied that would satisfy the pleading standard under Rule 9(b) or support a claim for negligent misrepresentation. Plaintiff's fraud/negligent misrepresentation claims should be dismissed.

    5.    Conversion Claim

Plaintiff's conversion claim against Buckley Madole rests solely on the allegation that Buckley Madole "fail[ed] to disburse to [plaintiff] his portion of the proceeds from the foreclosure sale." Id. at ¶ 178. Under Texas law, claims for conversion of personal property are bound by a two-year statute

of limitations. Tex. Civ. Prac. & Rem. Code § 16.003(a). The foreclosure sale occurred on April 1, 2014. Plaintiff's conversion claim against Buckley Madole is barred by limitations.

6. FDCPA Claim

Plaintiff claims that Buckley Madole failed to provide plaintiff with validation of debt within five business days of contacting him, Doc. 8 at ¶ 190, and misrepresented the character, amount, or legal status of plaintiff's debt in violation of the FDCPA, id. at ¶ 191.

An action under the FDCPA must be brought within one year from the date on which the violation occurs. 15 U.S.C. § 1692k. Here, plaintiff complains of alleged debt collection that occurred during the foreclosure of plaintiff's property on April 1, 2014. Plaintiff's claim against Buckley Madole under the FDCPA is time-barred.

B. The Claims Against Muirhead

1. Wrongful Foreclosure Claim

Under the section titled "Count 1 Wrongful Foreclosure," plaintiff's amended complaint alleges that Muirhead, as substitute trustee, "breached his fiduciary duty as special agent to mortgagor by failing to obtain the highest possible price for the foreclosure property, and failed to act with impartiality and fairness." Doc. 8 at ¶ 70. Plaintiff further contends that

Muirhead failed to properly advertise and conduct the foreclosure sale. Id. "If the sale had been properly advertised and conducted," plaintiff claimed, "a bidder probably would have been present to pay the fair market value of the property." Id. at ¶ 76.

To state a claim for wrongful foreclosure, plaintiff must allege (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) A "grossly inadequate price would have to be so little as 'to shock a correct mind.'" Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249 (5th Cir. 2013). Courts have found that a sales price more than fifty percent of property value is not grossly inadequate as a matter of law. James v. Wells Fargo Bank, N.A., No. 5:12-CV-042-C, 2012 WL 12878197, at *2 (N.D. Tex. July 18, 2012), aff'd, 533 F. App'x 444 (5th Cir. 2013) (citing Terra XXI, Ltd. v. Harmon, 279 S.W.3d 781, 788 (Tex. App.—Amarillo 2007, pet. denied)); see Water Dynamics, Ltd. v. HSBC Bank USA, Nat'l Ass'n, 509 F. App'x 367, 369 (5th Cir. 2013) (per curiam); Reeves v. Wells Fargo Bank, NA, No. EP-14-CV-00187-DCG, 2015 WL 11598711 (W.D. Tex. Sept. 4, 2015).

Here, plaintiff alleges that the foreclosed property was sold for $76,000.00 and had a fair market value of $140,000.00. Taking plaintiff's factual allegations as true, the property was sold for roughly fifty-four percent of its alleged value. Thus, plaintiff has not and cannot show that the selling price was grossly inadequate.

2. Conversion Claim

Like his conversion claim against Buckley Madole, plaintiff alleges that Muirhead converted plaintiff's property by "failing to disburse to [plaintiff] his portion of the proceeds from the foreclosure sale." The foreclosure sale occurred on April 1, 2014. Plaintiff's claim is barred by the applicable two-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.003(a).

C. The Lack of Claims Against Eldard

Eldard is mentioned several times throughout plaintiff's amended complaint, but nowhere in the amended complaint does plaintiff assert a claim against Eldard. To the extent that the amended complaint could be construed to assert claims against Eldard, such claims are dismissed for failure to state a claim upon which relief can be granted.

D. Declaratory Judgment

Federal courts have sound discretion whether to decide a declaratory judgment claim. Rowan Cos., Inc. v. Griffin, 876 F.2d

26, 28 (5th Cir 1989) (citing <u>Mission Ins. Co. v. Puritan Fashions Corp.</u>, 706 F.2d 599, 601 (5th Cir. 1983)). "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." <u>Pub. Affairs Assocs., Inc. v. Rickover</u>, 369 U.S. 111, 112 (1962) (quoting <u>Eccles v. Peoples Bank</u>, 333 U.S. 426, 431 (1948)).

For the reasons articulated above, none of plaintiff's claims survive the motion to dismiss of Buckley Madole, Muirhead, or Eldard. Therefore, the court is also dismissing plaintiff's claim for declaratory judgment as to such defendants.

E. <u>The Court is Not Authorizing Plaintiff to File Yet Another Amended Complaint</u>

Plaintiff initiated this action on February 13, 2017 by filing an original complaint. After warning plaintiff that such complaint failed to allege sufficient facts to establish the court's subject matter jurisdiction, the court ordered plaintiff to file an amended complaint. Plaintiff filed his amended complaint on March 8, 2017. Nothing in such amended complaint suggests that there are facts that plaintiff could plead in yet another amended complaint that would cure the pleading deficiencies as to his claims against Buckley Madole, Muirhead, and Eldard. If plaintiff were to put in another amended complaint allegations of fact that would be inconsistent with the dates or

11

sale figures alleged in his first amended complaint, he would be at risk of the imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure. In other words, the record suggests that plaintiff cannot honestly plead facts by another amended complaint that would bring his time-barred claims within the applicable limitations period or cure the pleading deficiencies as to any of his other claims against Buckley Madole, Muirhead, or Eldard. Thus, permitting plaintiff to file yet another amended complaint would be futile.

V.

Order

Therefore,

The court ORDERS that the motion of defendants Buckley Madole, Muirhead, and Eldard to dismiss be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff against such defendants be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissals.

SIGNED June 28, 2017.

_____
JOHN McBRYDE
United States District Judge