
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 20 2017
CLERK, U.S. DISTRICT COURT
By_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHIN KIM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-144-A |
| | § | |
| CTX MORTGAGE COMPANY, LLC, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on for consideration the motion of defendant Conrad Consulting, LLC ("Conrad") to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff, Chin Kim, has filed a response, and Conrad has filed a reply. Having reviewed the motion, the response, the reply, plaintiff's first amended complaint, and applicable legal authorities, the court concludes that the motion should be granted on the ground that plaintiff's first amended complaint fails to state a claim upon which relief can be granted.

I.

<u>Background</u>

Plaintiff initiated this action on February 13, 2017 by filing an original complaint. Doc.[1] 1. After informing plaintiff

---

[1] The "Doc. _" references are to the number of the item on the docket in this action.

that such complaint lacked sufficient facts to establish the court's subject matter jurisdiction, the court ordered plaintiff to file an amended complaint. Doc. 7. On March 8, 2017, plaintiff filed his first amended complaint. Doc. 8. Plaintiff's first amended complaint alleged a mixture of federal and state law claims against defendants, CTX Mortgage Company, LLC, John L. Matthews, as Trustee, Timothy M. Bartosh, as Trustee, Mortgage Electronic Registration Systems, Inc. (MERS), Wells Fargo Bank, N.A. ("Wells Fargo"), Craig Muirhead, as Substitute Trustee ("Muirhead"), Roger Eldard, as Agent of Buckley Madole, P.C., as Attorneys for Wells Fargo, Conrad, and Clint Burgess, in his Capacity as Constable of Precinct 7 ("Burgess"). To date, all claims and causes of action have been dismissed except for plaintiff's claims against Conrad. See Doc. 23; Doc. 48; Doc. 50; Doc. 55.

II.

Plaintiff's Claims

Plaintiff's remaining claims against Conrad are: (1) wrongful eviction; and (2) conversion. Plaintiff alleges that he was wrongfully evicted "because Conrad did not have standing nor a superior right to possession of the property to remove [plaintiff] from the premises." Doc. 8 at 27, ¶ 167. And, plaintiff contends that on or about February 11, 2015, Conrad

2

converted plaintiff's property when it "unlawfully and without authority assumed dominion and control over [plaintiff's] property . . . inconsistent with [plaintiff's] rights in this property in that [Conrad] removed said property from [plaintiff's] home, and took possession of two rifles, ammunition, miscellaneous papers, check books and credit cards." Id. at ¶ 171.

III.

Grounds of the Motion

Conrad asserts that plaintiff's claims against it should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Specifically, Conrad argues that there is no supplemental jurisdiction over plaintiff's claims because such claims do not derive from the same nucleus of operative facts common to plaintiff's claims based on federal question jurisdiction. As to plaintiff's wrongful eviction claim, Conrad asserts that it had standing to seek eviction pursuant to the deed of trust. Moreover, Conrad argues that plaintiff's election to seek damages rather than challenge the validity of the trustee deed to Conrad is inconsistent with a claim for wrongful eviction. As to plaintiff's conversion claim, Conrad argues that it did not possess a duty to preserve plaintiff's personal property after it

3

was removed and thus cannot be liable, as a matter of law, for conversion.[2]

IV.

Applicable Pleading Principles

A.   Rule 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case is properly dismissed when the court "lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998) (citations omitted). The court should grant a motion to dismiss pursuant to Rule 12(b)(1) "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Id. The court may dismiss a complaint for lack of subject matter jurisdiction upon consideration of "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008) (citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996)). Upon a defendant's challenge to the court's subject

---

[2] Conrad also maintained that plaintiff's claims were barred by limitations; however, Conrad "withdrew" such argument in its reply filed June 30, 2017. Doc. 52 at 2, ¶ 2.

4

matter jurisdiction, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001); Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).

B.  Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

5

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

V.

Analysis

A. The Court Elects to Exercise Supplemental Jurisdiction over Plaintiff's Claims Against Conrad

The court's subject matter jurisdiction over this action as a whole is premised on federal question jurisdiction. See 28 U.S.C. § 1331; Doc. 8 at 4, ¶ 12. However, the court's jurisdiction over plaintiff's claims against Conrad are based on supplemental jurisdiction, as plaintiff's wrongful eviction and conversion claims are both torts actionable under state law. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over claims where, as here, all claims over which the court had original jurisdiction are no longer in the suit. "District courts enjoy wide discretion in

determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." Noble v. White, 996 F.2d 797, 799 (5th Cir. 1993). In deciding whether to exercise supplemental jurisdiction, the court should weigh "the values of judicial economy, convenience, fairness, and comity . . . ." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27 (1966)).

The balance of the above-referenced factors weighs in favor of the court exercising supplemental jurisdiction. The court, having already disposed of plaintiff's claims against all defendants except Conrad, is already familiar with the allegations asserted in plaintiff's first amended complaint. Both of plaintiff's claims against Conrad are factually and legally intertwined with plaintiff's previously asserted claims against other defendants. Moreover, plaintiff's remaining claims do not raise novel or complex issues of state law, see § 1367(c)(1), and the court will not be unduly burdened by resolution of such claims. Accordingly, the court elects to exercise supplemental jurisdiction over plaintiff's remaining claims.

B.  <u>Plaintiff's Claims Against Conrad Fail to State Any Claim Upon Which Relief Can be Granted</u>

   1.  <u>The Wrongful Eviction Claim</u>

Wrongful eviction claims typically involve eviction of a tenant by a landlord. Under Texas law, plaintiff must show: (1) [t]he existence of an unexpired contract of renting; (2) occupancy of the premises in question by the tenant; (3) eviction or dispossession by the landlord; (4) damages attributable to such eviction. <u>McKenzie v. Carte</u>, 385 S.W.2d 520, 528 (Tex. Civ. App.—Corpus Christi 1964, writ denied).

Plaintiff's first amended complaint alleges in a conclusory manner that the foreclosure sale was void, defendants Wells Fargo, its agents, and Muirhead did not have title to convey the property, Conrad did not obtain any title to the property, and "Conrad's eviction of [plaintiff] was therefore wrongful because Conrad did not have standing nor a superior right to possession of the property to remove [plaintiff] from the premises." Doc. 8 at 27, ¶¶ 163-167. The court has already dismissed plaintiff's wrongful foreclosure claims against Wells Fargo and Muirhead. As a result, plaintiff cannot rely upon such claims to assert a wrongful eviction claim against Conrad. Moreover, plaintiff has not pleaded any fact showing the existence of an unexpired contract of renting. Thus, plaintiff has failed to state a wrongful eviction claim against Conrad.

2. <u>The Conversion Claim</u>

Under Texas law, the elements of conversion are:

(1) plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with plaintiff's rights; (3) plaintiff made a demand for the property; and (4) defendant refused to return the property.

<u>Ojeda v. Wal-Mart Stores, Inc.</u>, 956 S.W.2d 704, 707 (Tex. App.—San Antonio 1997, pet. denied).

Here, plaintiff pleads that Conrad "unlawfully and without authority assumed dominion and control over [plaintiff's] property" on or about February 11, 2015, the date the writ of possession was executed. Plaintiff claims that Conrad's actions were unlawful because "Conrad did not have the legal right to evict [plaintiff] from his home . . . ." Doc. 8 at 29, ¶ 177.

Plaintiff's conclusory allegations fail to state a claim upon which relief can be granted. For the reasons discussed in subsection 1, <u>supra</u>, plaintiff has failed to state a wrongful eviction claim against Conrad. And, plaintiff has not otherwise shown how Conrad's exercise of dominion and control over the property was unlawful or unauthorized; plaintiff adds that "Burgess [the Constable] had no legal right to proceed pursuant to the writ of possession," <u>id.</u>, but such conclusory statement is insufficient to give rise to a conversion claim against Conrad.

9

Moreover, plaintiff's claims against Burgess have already been dismissed. Doc. 23. Accordingly, plaintiff has failed to state a conversion claim against Conrad.

* * * * *

Buried down in plaintiff's response is a tentative request that he be permitted to amend his first amended complaint in the event that the court concludes that he failed to plead sufficient facts to state a plausible claim against Conrad. Doc. 44 at 11, ¶ F. The court already has given plaintiff an opportunity to file an amended complaint, Doc. 7, and nothing in his first amended complaint suggests that there are facts that plaintiff could plead in yet another amended complaint that would cure the pleading deficiencies as to his claims against Conrad. Thus, the appearance is that permitting plaintiff to file another amended complaint would be futile.

Furthermore, plaintiff has failed to comply with the local civil rules of this court concerning a request to file an amended complaint. The title of the document that contains his request does not identify that it also contains a motion for leave to file an amended complaint, Doc. 44 at cover, in violation of this court's Local Civil Rule LR 5.1(c), requiring that a document "must clearly identify each included . . . motion . . . in its title." Nor did plaintiff comply with Local Civil Rule LR

10

15.1(a), which requires that when a motion for leave to amend is filed, it must be accompanied by a copy of the proposed amended pleading as an exhibit, and the original and another copy of the proposed amended pleading for use if the motion were to be granted. Presumably if plaintiff was serious about his request to file another amended complaint, he would have gone to the trouble to comply with this court's local civil rules to seek permission to do so.

VI.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff against Conrad be, and are hereby, dismissed.

SIGNED July 20, 2017.

_____
JOHN McBRYDE
United States District Judge